10-52-ag
Zheng v. Holder
BIA
Schoppert, IJ
A099 583 089

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of February, two thousand eleven.

PRESENT:
        GUIDO CALABRESI,
        ROSEMARY S. POOLER,
        RICHARD C. WESLEY,
            *Circuit Judges.*

_____

YI QUAN ZHENG,
        *Petitioner,*

        v.                                    10-52-ag
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL, UNITED STATES
DEPARTMENT OF JUSTICE,
        *Respondents.*

_____

FOR PETITIONER:          Dehai Zhang, Flushing, New York.

FOR RESPONDENTS:         Tony West, Assistant Attorney
                         General; Leslie McKay, Assistant

**Director; Illissa M. Gould, Attorney,**
**Office of Immigration Litigation,**
**United States Department of Justice,**
**Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Yi Quan Zheng, a native and citizen of China, seeks review of a December 31, 2009, order of the BIA affirming the March 6, 2008, decision of Immigration Judge ("IJ") Douglas B. Schoppert, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zheng*, No. A099 583 089 (B.I.A. Dec. 31, 2009), *aff'g* No. A099 583 089 (Immig. Ct. N.Y. City Mar. 6, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008); *Shu Wen Sun v. BIA*, 510 F.3d 377, 379 (2d Cir. 2007). The

2

only issue before us is whether the agency erred in denying Zheng's application for asylum, as Zheng has not challenged the denial of withholding of removal and CAT relief before this Court.

In *Shi Liang Lin* we determined that, under 8 U.S.C. § 1101(a)(42), an individual is not *per se* eligible for asylum based on the forced abortion or sterilization of a spouse or partner because "applicants can become candidates for asylum relief only based on persecution that they themselves have suffered or must suffer." *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 308 (2d Cir. 2007); *see also Matter of J-S-*, 24 I.&.N. Dec. 520, 536–37 (A.G. 2008) (adopting this Court's holding in *Shi Liang Lin*). As the BIA noted, Zheng does not dispute that he is ineligible for asylum based on his wife's sterilization under *Shi Liang Lin*, but rather argues that the agency's application of the standard articulated in *Shi Liang Lin* and *Matter of J-S-* should not be applied retroactively. Zheng further contends that the agency's application of the *Shi Liang Lin* decision to his case violated his due process rights, and that this error warrants remand to the agency for a *nunc pro tunc* exercise of discretion. The purpose of the *nunc pro tunc* doctrine is "to return aliens to the position in which they would been, but for a significant error in their immigration

3

proceedings." *Edwards v. INS*, 393 F.3d 299, 308–09 (2d Cir. 2004). As a general rule, the BIA applies the law in effect at the time it enters its decision. *See* 8 C.F.R. § 1003.1(d)(3)(ii); *c.f. NLRB v. Coca-Cola Bottling Co.*, 55 F.3d 74, 78 (2d Cir. 1995). In this case, because we issued *Shi Liang Lin* prior to the IJ's decision, the agency's application of the standard articulated in that case was appropriate. *See Shou Wei Jin v. Holder*, 572 F.3d 392, 397 (7th Cir. 2009); *Yu v. U.S. Atty. Gen.*, 568 F.3d 1328, 1333–34 (11th Cir. 2009). Zheng argues however that his situation is analogous to the situation of the petitioners in *INS v. St. Cyr*, 533 U.S. 289 (2001), and *Edwards*, 393 F.3d 299, and that he is therefore entitled to a remand for *nunc pro tunc* relief. In both *Edwards* and *St. Cyr*, the applicable statutes changed after petitioners had acted in reliance on the prior versions of the law. Conversely, *Shi Liang Lin* did not constitute a change in law, but rather interpreted the meaning of 8 U.S.C. § 1101(a)(42). *See Shi Liang Lin*, 494 F.3d at 308; *see also Yu*, 568 F.3d at 1333–34. Accordingly, the agency correctly applied *Shi Liang Lin* to Zheng's case, and Zheng is not entitled to a remand for *nunc pro tunc* relief; nor is he eligible for asylum based on his wife's forced sterilization alone.

In the absence of *per se* persecution based on his

4

wife's sterilization, Zheng must show "other resistance to a coercive population control program" and that he was persecuted as a result of that resistance. *Shi Liang Lin*, 494 F.3d at 309-10.  The agency did not err in finding that while Zheng may have engaged in resistance to a coercive population control program, he did not suffer persecution as a result of that resistance.  The BIA has defined persecution as a "threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *Matter of Acosta*, 19 I. & N. Dec. 211, 222 (BIA 1985), *overruled, in part, on other grounds*, *INS v. Cardoza-Fonseca*, 480 U.S. 421 (1987); *accord Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir. 2006).  The harm must be sufficiently severe, rising above "mere harassment." *Ivanishvili*, 433 F.3d at 341.  As the agency noted, Zheng claimed only to have suffered harm when family planning officials came to his house in order to bring his wife to the hospital to be sterilized.  When he tried to run to his wife and stop the officials, they grabbed him and forced him to the ground.  The officials held him on the ground until other officials left with his wife, at which point Zheng was released.  The family planning officials did not harm Zheng in any other way, and he was never fined by the government, nor did he suffer any

5

other economic repercussions as a result of his resistance. Thus, because the incident at Zheng's house constituted the entirety of the harm he suffered, the agency did not err in finding that it did not amount to persecution. *See Ivanishvili*, 433 F.3d at 341; *see also Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006). Accordingly, the agency did not err in denying Zheng's application for asylum. *See* 8 C.F.R. § 1208.16(b).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk